AO 91 (Rev. 08/09)  Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Southern District of Florida

| | |
|---|---|
| United States of America<br>v.<br>JEAN YVES SELIUS<br><br>Defendant(s) | Case No.  16-8110-DLB |

FILED by ___  D.C.
MAR 28 2016
STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - W.P.B.

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of __March 26, 2016__ in the county of __Palm Beach__ in the __Southern__ District of __Florida__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 USC 1960(a) | Unlawful Money Transmitting |

This criminal complaint is based on these facts:
SEE ATTACHED AFFIDAVIT

☑ Continued on the attached sheet.

_____
Complainant's signature

JON A. LONGO, Special Agent, HSI
Printed name and title

Sworn to before me and signed in my presence.

Date: 3-28-16

_____
Judge's signature

City and state: West Palm Beach, Florida

DAVE LEE BRANNON, US Magistrate Judge
Printed name and title

## **AFFIDAVIT**

Your affiant, Jon A. Longo, first being duly sworn, does hereby depose and state as follows:

1. I am a Special Agent of the United States Department of Homeland Security, Homeland Security Investigations (HSI), and have been so employed since February 2006. Your Affiant is currently assigned to the Office of the Assistant Special Agent in Charge, West Palm Beach, Florida.

2. As a Special Agent of HSI, your Affiant has received 23 weeks of training at the Federal Law Enforcement Training Center, which included the application of Federal Statutes, Federal Court procedures, and the techniques required to insure the admissibility of evidence at trial. Your affiant has been a sworn Federal Special Agent with the Department of Homeland Security since July 2006.

3. I am familiar with the facts and circumstances surrounding this investigation as set forth herein, both from my own investigative efforts and from information obtained from other law enforcement officers with personal knowledge of the evidence and activities described herein. This affidavit is being submitted for the limited purpose of establishing probable cause to charge Jean Yves SELIUS with the offense of Prohibition of Unlicensed Money Transmitting Business, in violation of Title 18, United States Code, Section 1960(a). As such, it does not purport to set forth every fact known to me regarding the investigation, but only those facts necessary to establish probable cause.

4. On or about March 26, 2016, Palm Beach International Airport (PBIA) Airport's Operation Officer (AOO) Timothy Lair was conducting a routine inspection of a

sterile area in the airport when he witnessed Jean Yves SELIUS (dob: 12/27/1989) enter the sterile area through door C226. SELIUS, a Delta Airlines Ramp Agent who was wearing civilian clothes and carrying a backpack at the time, had used his Airport ID to by-pass security checkpoints by entering the area from the outside tarmac ramps.

5. As per Transportation Security Administration (TSA) directives, any individuals, including airport employees, entering the sterile area are subject to search. Door C226 had two different signs affirming this policy, stating, *"individuals and vehicles entering the sterile area, secured area, ... are subject to search..."* and *"EMPLOYEES ENTERING THE STERILE AREA ARE SUBJECT TO SEARCH."*

6. AOO Lair approached SELIUS and asked him if he had an airport ID to which SELIUS then displayed to him. AOO Lair told SELIUS that his backpack was subject to search and asked SELIUS to show him its contents. SELIUS then voluntarily unzipped his own bag and pulled it open revealing large packets of cash wrapped in clear, vacuum sealed bundles. AOO Lair asked SELIUS to place the backpack on the ground to which SELIUS complied. AOO then radioed the Palm Beach Sheriff's Office Deputies and TSA Officers asking them to respond immediately. PBSO officers brought a drug detection dog to check out the backpack. The drug detection dog had a positive hit on the backpack for drugs.

7. On March 26, 2016, S/A Longo and Customs and Border Protection Officer Marco Cruz interviewed SELIUS. SELIUS had been advised of the Miranda Warnings and waived his rights agreeing to speak with the investigators. SELIUS explained that he was being paid $900.00 to $1,000.00 to give the backpack to an unknown person in a bathroom inside of the airport's sterile area. SELIUS said that the

2

man was to be a passenger on a flight leaving PBIA for New York's LaGuardia Airport later that morning.

8. SELIUS stated that men that he knew only as 'RICKY' and 'JOHN' had been paying him for approximately one year to make such drop-offs. He said the men approached him after they had learned that he worked at PBIA. SELIUS stated that he knew the backpack contained a large amount of money and did not, "come from a good cause." SELIUS stated that he had smuggled money into the airport for RICKY and JOHN on four previous occasions earning a total of $3,900.00 for his work. He said JOHN had given him the backpack full of money earlier that morning, away from the airport, with the instructions to go to the airport bathroom.

9. SELIUS stated that he did not have a state or federal license to transmit money.

10. SELIUS stated that he believed the backpack to contain close to $100,000.00. Later, law enforcement did a controlled count of the currency bundles SELIUS was carrying revealing a total of $282,400.00.

10. Based on the foregoing, your affiant believes that there exists sufficient probable cause to charge Jean Y. SELIUS of Prohibition of Unlicensed Money Transmitting Business, in violation of Title 18, United States Code, Section 1960(a).

FURTHER YOUR AFFIANT SAYETH NAUGHT.

_____
Special Agent Jon A. Longo
HOMELAND SECURITY INVESTIGATIONS

SWORN TO AND SUBSCRIBED
BEFORE ME THIS 28TH DAY OF
MARCH, 2016, AT WEST PALM
BEACH, FLORIDA.

DAVE _____  DLB
DAVID LEE BRANNON
UNITED STATES MAGISTRATE JUDGE

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

CASE NUMBER: __16-8110-DLB__

## BOND RECOMMENDATION

DEFENDANT: __JEAN YVES SELIUS__

__PRETRIAL DETENTION__
(Personal Surety) (Corporate Surety) (Cash) (Pre-Trial Detention)

By: _____
AUSA: ELLEN L. COHEN

Last Known Address: _____

What Facility: __PBC JAIL__

Agent(s): __JON A. LONGO, HSI__
(FBI)  (SECRET SERVICE)  (DEA)  (IRS)  (ICE)  (**OTHER**)

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

## PENALTY SHEET

**Defendant's Name:** <u>JEAN YVES SELIUS</u>

**Case No:** <u>16-8110-DLB</u>

Count #: 1

<u>ILLEGAL MONEY TRANSMITTING</u>

<u>18 USC 1960(a)1</u>

\* **Max.Penalty:** 5 years imprisonment; 3 years supervised release; $100 special assessment and possible deportation

\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.